UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20131-CR-GOLDBERG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-20131-CR-Goldberg


UNITED STATES OF AMERICA,
                    Plaintiff,
v.


NATHAN BRADLEY
MONTGOMERY,
                    Defendant.
_____/


## FORFEITURE ORDER and OPINION

**THIS MATTER** came before the Court upon the United States' ("Government" or

"United States") Motion For Entry of a Forfeiture Money Judgment. The Court has reviewed the

Government's motion, the Defendant's response in opposition to the motion, and the

Government's reply to the response in opposition to the motion, as well as all pertinent exhibits,

records, and legal authority, and conducted a hearing regarding the motion on November 7,

2012.

After a thorough consideration of the Government's briefs and the Defendant's brief in

opposition, and after the hearing on the issue, the Court determines that forfeiture is appropriate

and orders the Defendant to pay $7,375,943.48 (USD) to the United States as the sum of money

equal in value to the property, real or personal, constituting, or derived from, the proceeds

traceable to the conspiracy charged in Count 1 of the Superseding Indictment.

1

## DISCUSSION

On April 28, 2011, a federal grand jury sitting in the United States District Court for the Southern District of Florida returned a ten-count superseding bill of indictment (D.E. 48) (hereinafter, the "Superseding Indictment") charging Nathan Bradley Montgomery (hereinafter "Montgomery" or the "Defendant") in Count 1 of a multiple-object criminal conspiracy in violation of 18 U.S.C. § 371.  On January 31, 2002, a jury convicted Montgomery of this charge. Following the conviction, the United States filed a Motion for Entry of a Forfeiture Money Judgment (D.E. 318) (hereinafter, the "Motion for Money Judgment") in which it sought entry of a forfeiture money judgment against Montgomery and a conspirator, Randall Curshen, jointly and severally, in the amount of $7,375,943.48 (USD).  The United States renewed this Motion on May 11, 2012 at Montgomery's sentencing hearing.  Parties and the Court agreed that another hearing should take place subsequent to Montgomery's sentencing specifically to consider the Motion for Money Judgment.  On November 7, 2012, the Court conducted this hearing on forfeiture.

Section 981(a)(1)(C) of Title 18 of the United States Code is the relevant forfeiture statute for convictions of a conspiracy to commit securities fraud, wire fraud, and mail fraud, as alleged in Count 1 of the Superseding Indictment.  Although the text of the provision only permits civil forfeiture, the enactment of 28 U.S.C. § 2461(c) extends this to criminal forfeitures in the absence of a specific criminal statutory provision.  Additionally, in the criminal context, it is well-established that forfeiture may take the form of a money judgment equal to the amount of illegal proceeds the defendant obtained as a result of the offense. Fed. R. Crim. P. 32.2(b).  The burden of proof is on the Government to demonstrate, by a preponderance of the evidence, that

2

forfeiture is warranted under a statute. *See, e.g., United States v. Cabeza*, 258 F.3d 1256 (11th Cir. 2001) (internal citations omitted).

In his opposition to the United States' Motion, Montgomery advances five arguments as to why forfeiture is inappropriate in his case. After consideration of each of Montgomery's arguments, the Court finds that none of the arguments are persuasive grounds for denying the United States' Motion.

## I. AMOUNT OF MONEY SUBJECT TO FORFEITURE

Montgomery first argues that 18 U.S.C. §981(a)(1)(C) (2012) is limited by its terms to "proceeds" of criminal activity, so it should be based on the gains he obtained. He argues that the record clearly shows that he obtained at most $250,000. Pl.'s Br. at 3–4. Montgomery further argues that the purpose of forfeiture is not to punish defendant but only to disgorge the ill-gotten gains. These arguments are unpersuasive and demonstrate a misunderstanding of the law.

First, Montgomery's contention that forfeiture is not intended to punish a defendant is belied by well-established principles. *See United States v. Browne*, 505 F.3d at 1281 ("In addition to forcing the disgorgement of dishonest profits . . . forfeiture is also a punitive action against the defendant.")(internal citations omitted)); *Libretti v. United States*, 516 U.S. 29, 39, 116 S.Ct. 356, 363, 133 L.Ed 2d 271 (1995) (noting that "Congress conceived of forfeiture as a punishment for the commission of various drug and racketing activities") (internal citations omitted)).

18 U.S.C. § 981(a)(2)(A) clearly defines the term "proceeds" to mean "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to

3

forfeiture, and any property traceable thereto, *and is not limited to the net gain or profit realized from the offense.*" (emphasis added). In the instant case, the evidence on the record clearly established that 8,062,663 shares of CO2 Tech Stock were sold in furtherance of the object of the conspiracy (the issuance and sale of artificially inflated CO2 stock). This resulted in $7,375,943.48 (USD), which constitutes "proceeds" according to the plain meaning of the definition. Thus, Montgomery has no grounds to claim that the amount should be limited to $250,000.

Co-conspirators are jointly and severally liable for the forfeitable proceeds of their activities. *See United States v. Genova,* 333 F.3d 750, 761 (7th Cir. 2003), *Browne,* 505 F.3d at 1278. The imposition of joint and several liability on co-conspirators is not only "permissible but necessary in the circumstances to effectuate the purpose of the forfeiture provision." *United States v. Caporale,* 806 F.2d 1487, 1506 (11th Cir. 1986). In *Caporale,* the court specifically noted the danger of allowing offenders to avoid full forfeiture simply by masking the allocation of the proceeds. *Id.* at 1508. Thus, Montgomery is liable for the full amount, jointly and severally with Curshen.

## II. SEPARATE CONSPIRACIES

Second, Montgomery claims that the Government is seeking forfeiture from a money laundering conspiracy that does not involve him. Initially, Montgomery was charged only with a general conspiracy offense pursuant to 18 U.S.C. § 371, and not any substantive offense. The Superseding Indictment charged a second conspiracy involving money laundering. Montgomery argues that these are separate conspiracies. He claims that the Government's evidence, particularly the testimony of Jordan Baker, only relates to the money laundering, and not the

4

conduct charged in Count One of the Superseding Indictment. Pl.'s Br. at 4. Indeed, he states that this evidence elicited from Baker forms the "only evidence the Government relies on in its motion." *Id.*

The Court rejects this argument. Jordan Baker's testimony was not the sole evidence the Government relied on; rather, it relied on the full record and used this testimony as an example of the evidence on the record supporting its position. Further, Baker's testimony regarding the wire transfer of the fraud proceeds serves as evidence of how the sum of money constituting the proceeds was derived from both conspiracies. Regardless of the purpose for which it was offered at trial, the Court may use any evidence on the record to calculate the proper amount of forfeiture money judgment. Fed. R. Crim. P. 32.2(b)(1)(B).

### III. EXCESSIVE FINES CLAUSE

Montgomery argues that imposing a forfeiture money judgment in excess of $7 million would violate the Excessive Fines Clause of the Eighth Amendment. A punitive forfeiture violates the Excessive Fines Clause "if it is grossly disproportional to the gravity of a defendant's offense." *United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 141 L. Ed. 2d 316 (1998). To determine the proper amount of forfeiture, a court considers the nature and extent of the criminal activity, its relation to other crimes, its penalties, and the harm it caused. *Id.* at 337–40. Montgomery argues that the Court must focus its inquiry on the fact that he had received, at most, $250,000 in exchange for purchasing stock in CO2 Tech, and therefore a $7 million money judgment is disproportional to the gravity of his offense. Pl.'s Br. at 6.

However, this argument also fails. As previously stated, all $7,375,943.48 can be traced to the conduct charged in Count One. Furthermore, a "strong presumption of constitutionality attaches when the value of the property to be forfeited falls within the range of fines prescribed

by Congress." *United States v. Seher*, 686 F. Supp. 2d 1323, 1331–32 (11th Cir. 2010). Here, Montgomery faced a maximum statutory fine of $14,000,000, pursuant to 18 U.S.C. § 3571(d). Thus, the imposition of a forfeiture money judgment of roughly half that amount is presumptively constitutional and does not violate the Excessive Fines Clause.

## IV. MONTGOMERY'S OFFENSE TRIGGERS FORFEITURE

Montgomery's fourth assertion is that forfeiture is not appropriate against him. He argues that historically, under the overarching general conspiracy statute, section 371, a conviction did not give rise to forfeiture. However, he cites no legal support for this assertion. He then argues that the Government is wrong to claim proceeds are forfeitable under the catchall provision of § 981 because they are "trumped" by the Superseding Indictment containing substantive offenses that specifically trigger forfeiture pursuant to §982; and that 28 U.S.C. § 2461(c) should not apply because there were specific statutory provisions applicable to criminal forfeiture. Pl.'s Br. at 7.

However, Montgomery misreads the statute. On its face, 28 U.S.C. § 2461 applies to criminal cases "for which the civil *or* criminal forfeiture of property is authorized." *Id.* (emphasis added). Upon a conviction of the offense giving rise to the forfeiture, "the court *shall* order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code." *Id.* (emphasis added). Here, forfeiture is not only appropriate, but it is mandatory. *See also* Fed. R. Crim. P. 32.2(b)(a)(A) ("If the government seeks a personal money judgment, the court *must* determine the amount of money the defendant will be ordered to pay." (emphasis added)).

6

## V. NOTICE

Finally, Montgomery claims that he lacked notice of the forfeiture and hence the Government is barred from seeking any amount from him.  However, this argument ultimately fails because the Court finds that Montgomery had actual notice of the Government's intention to seek forfeiture.

Federal Rule of Criminal Procedure 7(c)(2) precludes entry of a forfeiture judgment if the charging indictment or information failed to notify the defendant that he has an interest in property that is subject to forfeiture.  Similarly, a court may not enter judgment of forfeiture unless "the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2.

In the instant case, the forfeiture prayer stated: "Upon conviction of Counts One *and* Three through Eight of this Superseding Indictment, defendants shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to any such violation, pursuant to Title 18, United States Code, Section § 981(a)(1)(C)." (emphasis added).  Montgomery contends that the Government's use of the word "and" instead of "or" means that, because Montgomery was charged only in Count One, he reasonably understood the forfeiture prayer not to apply to him.  Conversely, the Government contends that by any common sense construction this language clearly should be interpreted to mean Counts 1 *or* 3 *or* 4 *or* 5 *or* 6 *or* 7 *or* 8.  The Government argues that it is unreasonable to believe that one must be convicted of all the counts to be held liable for forfeiture because no co-conspirator was charged in all Counts.  Certainly, the Government's notice to Montgomery is unclear and the product of sloppy

drafting. However, the Court finds that Montgomery had actual notice of the Government's intention to seek forfeiture and for this reason rejects the Defendant's argument.

First, Montgomery should have known this notice would apply to him because no defendants were charged with Count 1 **and** 3–8. *See United States v. Poirer*, 321 F.3d 1024, 1029 (11th Cir. 2003) ("[W]hen analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical considerations." (internal citations and quotation marks omitted)).

Further, a thorough review of the record indicates Montgomery's knowledge that the Government would seek forfeiture against him. In *United States v. Odom*, the court held that because the sentencing transcript and the overall record of the case demonstrated "all parties **agreed** to address the forfeiture claim at a later date," the defendant unambiguously "knew that the government intended to seek forfeiture" from him. *See United States v. Odom*, No. 5:03cr24(01), 2007 WL 2433957 at *5 (S.D. Miss Aug. 22, 2007) (emphasis in original). Similarly, here, a review of the record reveals that Montgomery had actual notice that the Government intended to seek forfeiture money judgment. In this case, Montgomery was notified that the government intended to seek criminal forfeiture (1) in the Superseding Indictment, (2) in its post-trial Motion for Entry of a Forfeiture Money Judgment, and (3) at the sentencing hearing. Thus, although Montgomery argues for a very technical reading of the forfeiture provision of the Superseding Indictment, a common-sense reading of the Superseding Indictment and a thorough review of the record unambiguously show that Montgomery knew that the Government intended to seek a forfeiture.

Additionally, Montgomery actively and vigorously defended every charge made against him. He does not argue that he would have sought a different litigation strategy or defended any more vigorously had he known forfeiture was coming. It is harmless error even if he had truly not expected the Government to seek forfeiture against him. Therefore, Montgomery's final defense is also without merit.

The Court finds that forfeiture is proper and orders Defendant Montgomery to pay to the United States of America the sum of $7,375,943.48 (USD).

Judge Richard W. Goldberg